UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TAYLOR (#2014-0910275), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 1172 |
| | ) Judge Charles P. Kocoras |
| DETECTIVE SCOTT, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Michael Taylor filed this pro se action on February 5, 2015, asserting claims under 42 U.S.C. § 1983 against several Chicago police officers. Taylor alleges that (1) he was arrested without a warrant and was not brought before a judge for a determination of probable cause until nearly 72 hours later, and (2) officers ignored his requests for medication and food during his confinement at the police station. Currently before the Court is Defendants' motion to dismiss Taylor's claim that he did not receive a timely probable cause determination after his arrest [23]. (Defendants answered Taylor's claim that he was denied food and medication during his police station confinement [28].) For the reasons in the Statement below, the Court denies Defendants' motion to dismiss [23] without prejudice to re-filing it in accordance with this Order. Taylor's motion for additional time to respond to Defendants' motion [29] is denied as moot. A status hearing is set for September 13, 2016, at 9:30 a.m.

## STATEMENT

Taylor's amended complaint alleges that on September 7, 2014, he called Chicago police to report that he had been robbed. Dkt. 16, at 6. According to the amended complaint, after officers arrived, and as part of their investigation, they ran a check for outstanding warrants and discovered that an investigative alert existed for Taylor. *Id.* The officers then allegedly handcuffed Taylor and told him he was being taken to a police station for questioning, and that he would be released in several hours, but Taylor was not released. *Id.* Taylor claims that he requested numerous times to make a phone call, to receive food, and to receive his psychiatric medication, but his requests were either refused or ignored. *Id.* at 7. According to Taylor's amended complaint, he was not charged and did not appear before a judge until nearly 72 hours after his arrest, on September 10, 2014, at which time he was moved from the police station to Cook County Jail. *Id.*; *see also* Dkt. 30, at 1.

As noted in this Court's November 6 Order [15] conducting an initial review of Taylor's amended complaint, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following a [warrantless] arrest." *Lopez v. City of Chicago*, 464 F.3d 711, 721-22 (7th Cir. 2006) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)). A judicial determination of probable cause should occur within 48 hours of a warrantless arrest. *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). Although a *Gerstein* hearing may be postponed for a reasonable time to "cope with the everyday problems of processing suspects through an overly burdened criminal justice system," once a judicial determination of probable cause is delayed more than 48 hours, "'the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance' to justify the delay." *Lopez*, 464 F.3d at 722 (quoting *McLaughlin,* 500 U.S. at 55, 57).

Defendants' motion to dismiss contends that a judicial determination of probable cause for Taylor's arrest occurred on September 9, 2014, within 48 hours of his September 7, 2014 arrest. Dkt. 23, at 5-6. Defendants attach to their motion a copy of an Order from the Cook County Circuit Court dated September 9, 2014, at 12:20 p.m. Dkt. 23, Ex. A. The Order states: "The Court, being provided with a sworn affidavit and complaints, there is a finding of probable cause to detain Michael Taylor on the charge of Aggravated VOP (violation of order of protection); Aggravated Stalking." *Id.*. The Order goes on to charge Taylor with "Agg. VOP/ Agg. Stalking," and directs that he be taken to a bond court for the setting of bail and a future court date. *Id.* But Taylor insists he did not appear before a judge until September 10, 2014 (three days after his arrest), when he was transferred to the Cook County Jail. *See* Dkt. 30. At the same time Taylor filed his response, he submitted a motion for an extension of time until after September 1, 2016, to present additional evidence in response to Defendants' motion to dismiss. Dkt. 29. Taylor states he is scheduled to be paroled then and should be able to access records for both his arrest and his criminal proceedings by that time. *Id.*

The Court initially notes that it may consider the Cook County Circuit Court September 9, 2014 Order. Although a court's consideration of materials outside of the complaint or its attachments usually requires conversion of a motion to dismiss to a motion for summary judgment, *see* Fed. R. Civ. P. 12(d), a court may consider matters of public record, such as a ruling in another court proceeding. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (district court properly considered public court records in deciding motion to dismiss without converting the motion to one for summary judgment); *see also Santana v. Cook County Bd. of Rev.*, 679 F.3d 614, 619-20 (7th Cir. 2012) (a court may consider a transcript of another proceeding when addressing a motion to dismiss). Moreover, Taylor does not appear to challenge the authenticity of the September 9, 2014 Order, and that Order relates to the timing of the judicial determination of probable cause in Taylor's criminal case, which is

2

central to his current § 1983 claim. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (district court properly considered a document "concededly authentic [and] central to the plaintiff's claim" when addressing a motion to dismiss).

The Court also notes that the state court's September 9, 2014 Order indicates that there was a judicial determination of probable cause within 48 hours Taylor's arrest. Dkt. 23, Exh. A. But Taylor alleges in his amended complaint, and he insists in his response to Defendants' motion, that he remained confined at the police station and did not appear before a judge until September 10, 2014, three days after his arrest. *See* Dkts. 16 and 30. Defendants do not address Taylor's contention. Instead, in their Reply, Defendants state simply: "Plaintiff presents no new evidence or arguments in his Response." Dkt. 31, ¶ 6; *see also* Dkt. 30, at 1.

Several courts have held that the arrestee need not be present to satisfy *Gerstein's* requirement of a judicial probable cause determination. *See*, *e.g.*, *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 969-70 (7th Cir. 1994) (noting that there is no requirement that a *Gerstein* hearing be adversarial, that those arrested with a warrant usually were not present when a judicial determination of probable cause was made, and, thus, there is "no basis for holding that the fourth amendment grants warrantless arrestees such a right"); *Jones v. City of Santa Monica*, 382 F.3d 1052, 1055-56 (9th Cir. 2004) ("Just as probable cause for an arrest warrant may be determined without an appearance by the suspect, so may probable cause for detention after a warrantless arrest.") (quoting *King v. Jones*, 824 F.2d 324, 327 (4th Cir. 1987)); *but see Lopez*, 464 F.3d at 718 ("whether the arresting officer opts to obtain a warrant in advance or *present* a person arrested without a warrant for a prompt after-the-fact *Gerstein* hearing, the Fourth Amendment requires a judicial determination of probable cause) (emphasis added). Although it is possible that the probable cause hearing occurred without Taylor present, Defendants assert in their motion that "Plaintiff was brought before a neutral magistrate judge less than two days after his arrest," Dkt. 23, at 1; and Taylor disputes that assertion. *See* Dkts. 16 and 30.

Accordingly, before this Court determines that a timely probable cause determination occurred in Taylor's case, the Court requires additional information about when such a judicial determination was made, whether Taylor was present for that determination, and what hearing (if any) Taylor attended on September 10, 2014, which he contends is the first hearing he attended. The Court notes that in another case in this Court, the Cook County State's Attorney's Office produced a transcript of the state court's probable-cause hearing. *See Gordon v. Dart*, No. 15 C 7304 (N.D. Ill.). A transcript of the hearing related to the September 9, 2014 Order may suffice in this case. Alternatively, a copy of a docket entry containing the same information may be sufficient. But in either case, Defendants must produce additional information clarifying when the judicial probable cause determination was made, and they must address Taylor's contention that he was not present at the hearing on September 9.

# CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Taylor's claim that he did not receive a timely judicial determination of probable cause after his arrest (count one of his amended complaint) [23] is denied without prejudice. Defendants may submit another motion to dismiss on this ground within 28 days of this Order, if they are able to comply with the directives in this Order. Absent such a motion, Defendants shall file their answer to count one of Taylor's amended complaint within 28 days of this Order. Taylor's motion for additional time to respond to Defendants' motion to dismiss [29] is denied as moot. The Court encourages Taylor to review the docket of his criminal case, however, which his motion states he wants to do. If Taylor learns that a judicial determination of probable cause was timely made, he is encouraged to voluntarily dismiss this claim from his amended complaint. A status hearing is set for September 13, 2016, at 9:30 a.m.

Dated: August 12, 2016

Charles P. Kocoras
United States District Judge